# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| Ercell Manuel, Jr., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 12-00207-CG-N |
| ) | |
| Robert Danford, ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

Ercell Manuel, Jr., a state prisoner, has filed what is clearly his ***third*** 28 U.S.C. § 2254 habeas corpus petition in this Court (Doc. 4). This matter has been referred to the undersigned United States Magistrate Judge for entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Rule 8(b) of the Rule Governing Section 2254 Cases, and Local Rule 72.2(c)(4). And it is **RECOMMENDED** that this successive habeas corpus petition be **DISMISSED with PREJUDICE** for lack of jurisdiction, due to Manuel's failure to comply with 28 U.S.C. § 2244(b)(3)(A), and that the Court find that he is not entitled to a certificate of appealability and is therefore not entitled to appeal *in forma pauperis*.[1]

### I. Applicable Background

On November 21, 1996, in the Circuit Court of Mobile County, Alabama, Manuel was convicted of murder. That conviction was overturned by the Alabama Court of Criminal Appeals. *See Manuel v. State*, 711 So. 2d 507 (Ala. Crim. App.

---

[1] Manuel's motion for appointment of counsel and for an evidentiary hearing (Doc. 13) is also, accordingly, **DENIED**.

1997). Manuel was retried and again convicted of murder and sentenced to life imprisonment. That conviction was affirmed by the Court of Criminal Appeals (*see* Doc. 9, Ex. B), which, on July 27, 1999, entered a certificate of judgment on Manuel's direct appeal. Manuel's first post-conviction (Alabama Rule of Criminal Procedure 32) petition was dismissed; that dismissal was affirmed by the Court of Criminal Appeals. *See Manuel v. State*, 854 So. 2d 1220 (Ala. Crim. App. 2002), *cert. denied*, 856 So. 2d 967 (Ala. 2002). Manuel has, subsequently, filed three more Rule 32 petitions. All were dismissed, and those dismissals were all affirmed. (*See* Doc. 9, Exs. E, F, G, H.)

Manuel's first § 2254 petition was filed in this Court on February 4, 2003. (*See* Doc. 1, *Manuel v. Ferrell*, Civil Action No. 03-00134-CG-L.) On August 31, 2004, then-Chief Judge Granade adopted the Magistrate Judge's recommendation, issued August 5, 2004, that Manuel's petition be dismissed as time-barred (pursuant to 28 U.S.C. § 2244(d)(1)). (*See* Docs. 33-35, *Manuel v. Ferrell*, Civil Action No. 03-00134-CG-L.) Without authorization pursuant to 28 U.S.C.§ 2244(b)(3)(A), Manuel's second § 2254 petition was filed in the Court on April 24, 2006. (*See* Doc. 1, *Manuel v. Thomas*, Civil Action No. 06-00255-BH-M.) On August 31, 2006, Judge Hand adopted the Magistrate Judge's recommendation, issued August 15, 2006, that that petition be dismissed because the Court was without jurisdiction to consider it (pursuant to § 2244(b)(3)(A)). (*See* Docs. 17-20, *Manuel v. Thomas*, Civil Action No. 06-00255-BH-M.) Manuel's attempts to appeal that judgment were not successful. (*See* Docs. 21-27, *Manuel v. Thomas*, Civil Action No.

06-00255-BH-M.)

## II. **This, *The Third*, Successive Petition**

Pursuant to 28 U.S.C. §§ 2254 and 2244(b)(3)(A), as amended by §§ 105 and 106 of the AEDPA, "'[b]efore a second or successive application [for a writ of habeas corpus] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.'" *Guenther v. Holt*, 173 F.3d 1328, 1330 (11th Cir. 1999) (quoting 28 U.S.C. § 2244(b)(3)(A)). "[T]he petitioner first must obtain an order from the court of appeals authorizing the district court to consider" a second or successive petition because "[w]ithout authorization, the district court lacks jurisdiction to consider [such] second or successive petition." *United States v. Holt,* 417 F.3d 1172, 1175 (11th Cir. 2005) (citations omitted); *see also Tompkins v. Secretary, Dep't of Corrs.,* 557 F.3d 1257, 1259 (11th Cir.) ("Section 2244(b)(3)(A) requires a district court to dismiss for lack of jurisdiction a second or successive petition for a writ of habeas corpus unless the petitioner has obtained an order authorizing the district court to consider it."), *cert. denied sub nom. Tompkins v. McNeil,* 555 U.S. 1161 (2009).

Because Manuel has not applied to the Eleventh Circuit Court of Appeals for permission to file this his second federal habeas petition, *see, e.g., Farris v. United States,* 333 F.3d 1211, 1216 (11th Cir. 2003) ("[The movant must first file an application with the appropriate court of appeals for an order authorizing the district court to consider it."), nor been granted leave of that court to file another habeas corpus petition, this Court lacks jurisdiction to consider Manuel's petition, *compare id.* ("Without authorization, the district court lacks jurisdiction to consider

3

a second or successive petition."), *with Hill v. Hopper*, 112 F.3d 1088, 1089 (11th Cir. 1997) ("Under 28 U.S.C. § 2244(b)(3)(A), the district court lacked jurisdiction to consider Appellant Hill's request for relief because Hill had not applied to this Court for permission to file a second habeas petition."). Accordingly, this cause is due to be dismissed, with prejudice, for want of jurisdiction pursuant to 28 U.S.C. § 2244(b)(3)(A). *Compare Tompkins,* 557 F.3d at 1259 ("Section 2244(b)(3)(A) requires a district court to dismiss for lack of jurisdiction a second or successive petition for a writ of habeas corpus unless the petitioner has obtained an order authorizing the district court to consider it."), *with Holt,* 417 F.3d at 1175 ("Without authorization, the district court lacks jurisdiction to consider a second or successive petition.") *and Simmons v. Cummins,* No. 2:10-CV-28-ID, 2010 WL 582091, at *2 (M.D. Ala. Jan. 15, 2010) ("It is clear from the pleadings filed herein that Simmons has not received an order from a three-judge panel of the Eleventh Circuit Court of Appeals authorizing this court to consider a successive application for habeas relief. 'Because this undertaking [is Simmons'] second habeas corpus petition and because he had no permission from [the Eleventh Circuit] to file a second habeas petition, . . . the district court lack[s] jurisdiction to grant the requested relief.'" (quoting *Gilreath v. State Bd. of Pardons & Paroles*, 273 F.3d 932, 933 (11th Cir. 2001))), *report and recommendation adopted,* 2010 WL 653691 (M.D. Ala. Feb. 17, 2010).

Further, "in addition to being second or successive," Manuel's petition is also "indisputably time-barred." *Guenther*, 173 F.3d at 1331. (*See, e.g.,* Docs. 33-35, *Manuel v. Ferrell*, Civil Action No. 03-00134-CG-L.) Because of this, and because

4

nowhere in the pleadings he has filed in this matter does Manuel argue for—much less show he is entitled to—equitable tolling, "[t]he undersigned recommends that this Court dismiss [Manuel's] present habeas petition due to his failure to comply with § 2244(b)(3)(A), rather than transfer same to the Eleventh Circuit Court of Appeals pursuant to 28 U.S.C. § 1631[.]" *Tedder v. Culliver*, CA No. 07-0046-BH-C, 2007 WL 2051194, at *2 (S.D. Ala. July 16, 2007) (citations omitted).

### III. <u>Certificate of Appealability</u>

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the undersigned recommends that a certificate of appealability in this case be denied. 28 U.S.C. foll. § 2254, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2243(c)(2). Where, as here, a habeas petition/motion seeking leave to file a successive petition is being denied on procedural grounds without reaching the merits of the underlying constitutional claim, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003) ("Under the

5

controlling standard, a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." (citations omitted and punctuation modified)). Inasmuch as the instant petition/motion is unquestionably a successive pleading, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant motion, with prejudice, for want of jurisdiction or that Anderson should be allowed to proceed further. *See Slack,* 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further.").

Rule 11(a) further provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by petitioner, he may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation. *See, e.g.*, *Brightwell v. Patterson*, No. CA 11-0165-WS-C, 2011 WL 1930676, at *6 (S.D. Ala. Apr. 11, 2011), *report & recommendation adopted*, 2011 WL 1930662 (S.D. Ala. May 19, 2011)[2]; *Griffin v. DeRosa*, No. 3:10cv342/RV/MD, 2010 WL 3943702, at *4 (N.D. Fla. Sep. 20, 2010) (providing for

---

[2] It should be noted that in that proceeding, the Eleventh Circuit (Judge Hull) also denied the petitioner's motion for certificate of appealability on October 11, 2011. (*See* Doc. 14 in CA-11-0165-WS-C.)

same procedure), *report & recommendation adopted sub nom. Griffin v. Butterworth*, 2010 W: 3943699 (N.D. Oct. 5, 2010).

## IV. Conclusion

The Magistrate Judge **RECOMMENDS** that Ercell Manuel, Jr.'s successive habeas corpus petition (Doc. 4) be **DISMISSED with PREJUDICE** for lack of jurisdiction, due to Manuel's failure to comply with 28 U.S.C. § 2244(b)(3)(A), and that the Court find that he is not entitled to a certificate of appealability and is therefore not entitled to appeal *in forma pauperis*.

## V. Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. L.R. 72.4. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 1st day of November, 2013.

                                                  /s/ *Katherine P. Nelson*
                                                **KATHERINE P. NELSON**
                                                **UNITED STATES MAGISTRATE JUDGE**